# UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| RAY LINDSEY, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>BOB THOMPSON; DEPUTY EARL; )<br>HEALDTON OKLAHOMA POLICE )<br>DEPARTMENT; WILSON, OKLAHOMA )<br>POLICE DEPARTMENT; CARTER )<br>COUNTY SHERIFF'S DEPARTMENT; )<br>DEPUTY HOSS; JACK THOMPSON'S )<br>MAINTENANCE MAN, also believed to )<br>be Healdton OK police department; )<br>AMBER; CHIEF BRIAN HUCKABEE; )<br>CARYLIN DUNN'S FAMILY, believed to )<br>be her brothers; QUILTY AUTO PARTS; )<br>CHUCK; KENO; BROWNS DIXIE )<br>MAFIA CRIME FAMILY; CLUDE )<br>WOODS; JOE and KIM AYCOX; )<br>THOMPSON'S MAFIA CRIME FAMILY; )<br>CERTAIN FEDERAL AND STATE )<br>LAW ENFORCEMENT OFFICERS, )<br>known and unknown, THE HOT TEAMS )<br>OF MERCY AND WALMARTS, ETC.; )<br>and BLOODS CRIME FAMILY, )<br>and others known and unknown, )<br>)<br>Defendants. ) | Case No. CIV-06-002-SPS |

## OPINION AND ORDER DISMISSING
## ACTION FOR FAILURE TO STATE A CLAIM

The Plaintiff Ray Lindsey filed an amended *pro se* complaint purporting to raise a number of constitutional claims arising out of alleged attempts by the Defendants to kill him and to deprive him of his home in Healdton, Oklahoma. Some Defendants filed motions to

dismiss for failure to state claims upon which relief can be granted pursuant to Fed. R. Civ. P. 12(b)(6). *See* Docket Nos. 31, 44 & 46. Others raised the sufficiency of the amended complaint in their answer. *See* Docket No. 33. For the reasons set forth below, the Court finds that the various motions to dismiss should be granted and that the case should be dismissed without leave for amendment.

The amended complaint is bizarre to say the least. The Plaintiff alleges that the CEO of Mercy Memorial Health Center in Ardmore, Oklahoma presides over a vast conspiracy of individuals, law enforcement agencies and crime families. The Plaintiff claims this nefarious organization violated his civil rights by, *inter alia*, attempting to kill him in a sniper attack. The Plaintiff's account of these matters is entirely incoherent, as he himself seems to acknowledge: "I am unable to write what Im [*sic*] thinking. I'm better now than I was when I drew the previous pleadings (which now don't even make any sense to me and I wrote them.)." *See* Docket No. 6, p. 33. At times the Plaintiff lapses into what would seem to be an open letter to the Defendants, *e. g.*, he threatens to turn loose a team of 200 lawyers if necessary to win the case (but curiously fails to explain why he has not already done so).

Although the Plaintiff purports to state claims under several civil rights statutes, *e. g.*, 42 U.S.C. § 1981 - § 1986, his amended complaint is patently defective for a number of reasons. For example, it fails to state any actionable claims under 42 U.S.C. § 1981 - § 1982, because there is no allegation that the Defendants intentionally discriminated against the Plaintiff on the basis of race, *see Reynolds v. School District No. 1, Denver, Colo.*, 69 F.3d 1523, 1532 (10th Cir. 1995) (noting that "[s]ection 1981 prohibits racial discrimination in

the making, performance, modification, and termination of contracts," and that the discrimination must be intentional) [citations and quotations omitted]; *Asbury v. Brougham*, 866 F.2d 1276, 1279 (10th Cir. 1989) (noting that section 1982 involves intentional racial discrimination with regard to property), or under 42 U.S.C. § 1985, because there is no allegation of a racially-motivated conspiracy. *See Tilton v. Richardson*, 6 F.3d 683, 686 (10th Cir. 1993), *cert. denied*, 510 U.S. 1093 (1994) (noting that "1985(3) does not 'apply to all tortious, conspiratorial interferences with the rights of others,' but rather, only to conspiracies motivated by 'some racial, or perhaps otherwise class-based, invidiously discriminatory animus.'"), *quoting Griffin v. Breckenridge*, 403 U.S. 88, 101-02 (1971). The amended complaint likewise fails to state a claim under 42 U.S.C. § 1986, as there is no actionable claim under 42 U.S.C. § 1985. *See Brown v. Reardon*, 770 F.2d 896, 907 (10th Cir. 1985) ("The district court did not err in finding that the § 1986 claim is dependent upon the existence of a valid claim under § 1985.").

Furthermore, the amended complaint fails to state any actionable claims under 42 U.S.C. § 1983. Such a claim requires a showing that the Defendants "deprived [the Plaintiff] of a right secured by the Constitution and laws of the United States while . . . acting under color of state law." *See Durre v. Dempsey*, 869 F.2d 543, 545 (10th Cir. 1989), *citing Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 150 (1970). Most of the Defendants herein would appear to be private parties, and although a "§ 1983 conspiracy claim may arise when a private actor conspires with [a] state actor to deprive a person of a constitutional right under color of state law," *Dixon v. City of Lawton,* 898 F.2d 1443, 1449 (10th Cir. 1990), the

allegations of the amended complaint are clearly insufficient to establish the existence of any conspiracy to violate the Plaintiff's civil rights. *See, e. g., Crabtree By and Through Crabtree v. Muchmore*, 904 F.2d 1475, 1481 (10th Cir. 1990) ("[T]he rule is clear that allegations of conspiracy must provide some factual basis to support the existence of the elements of a conspiracy: agreement and concerted action."). *See also Snell v. Tunnell*, 920 F.2d 673, 702 (10th Cir. 1990), *cert. denied*, 499 U.S. 976 (1991) ("The participants in the conspiracy must share the general conspiratorial objective . . . [t]o demonstrate the existence of a conspiratorial agreement it simply must be shown that there was 'a single plan, the essential nature and general scope of which [was] know[n] to each person who is to be held responsible for its consequences.'"), *quoting Hoffman-LaRoche, Inc. v. Greenberg*, 447 F.2d 872, 875 (7th Cir. 1971). In this regard, the amended complaint contains nothing other than the most conclusory of allegations as to the existence of a conspiracy. *See Durre*, 869 F.2d at 545 ("Because plaintiff failed to allege specific facts showing agreement and concerted action among defendants, the district court properly dismissed the conspiracy claim with prejudice."). The amended complaint likewise contains nothing other than conclusory allegations as to the violation of the Plaintiff's civil rights by the public officials named herein. *See Wise v. Bravo*, 666 F.2d 1328, 1333 (10th Cir. 1981) ("Constitutional rights allegedly invaded, warranting an award of damages, must be specifically identified. Conclusory allegations will not suffice."), *citing Brice v. Day,* 604 F.2d 664 (10th Cir. 1979), *cert. denied,* 444 U.S. 1086 (1980).

Other defects abound in the amended complaint. For example, although the Plaintiff purports to raise an equal protection claim, he does not allege that he is a member of a protected class (other than a reference to a disability) or that any of the Defendants discriminated against him on that basis. *See, e. g., Davis v. Olin*, 886 F. Supp. 804, 809 (D. Kan. 1995) ("'To state a claim under the Equal Protection Clause, a § 1983 plaintiff must allege that a state actor intentionally discriminated against the plaintiff because of membership in a protected class.'"), *quoting Henry v. Metropolitan Sewer Dist.*, 922 F. 2d 332, 341 (6th Cir. 1990). *See also Marshall v. Columbia Lea Regional Hospital*, 345 F.3d 1157, 1168 (10th Cir. 2003) ("The plaintiff must demonstrate that the defendant's actions had a discriminatory effect and were motivated by a discriminatory purpose[.]"), *citing United States v. Armstrong*, 517 U.S. 456, 465 (1996). Furthermore, the Plaintiff purports to raise claims under several criminal statutes, none of which provide for a private cause of action. *See Clements v. Chapman*, 2006 WL 1739826, *3 (10th Cir. June 27, 2006) ("[N]one of the federal criminal statutes cited . . . provide for a private cause of action.") [unpublished opinion], *citing Diamond v. Charles*, 476 U.S. 54, 64-65 (1986) (noting that private citizens cannot compel enforcement of criminal law). *See also Henry v. Albuquerque Police Department*, 49 Fed.Appx. 272, 273 (10th Cir. 2002) (noting that § 241 and § 242 of Title 18 are criminal statutes and do not authorize a private right of action) [unpublished opinion], *citing Newcomb v. Ingle*, 827 F.2d 675, 677 n.1 (10th Cir. 1987) and *Cok v. Cosentino*, 876 F.2d 1, 2 (1st Cir. 1989). Finally, the Plaintiff has attempted to sue a number of entities that have no apparent legal existence, *e. g.*, various named "crime families" and the "Hot Teams

of Mercy and Walmarts," or that are not legally suable entities, *e. g.*, the Healdton Police Department, the Wilson Police Department and the Carter County Sheriff's Department. *See, e. g., Dean v. Barber,* 951 F.2d 1210, 1214 (11th Cir. 1992) ("Sheriff's departments and police departments are not usually considered legal entities subject to suit[.]"), *citing Martinez v. Winner,* 771 F.2d 424, 444 (10th Cir. 1985) ("The 'City of Denver Police Department' is not a separate suable entity, and the complaint will be dismissed as to it."), *vacated as moot,* 800 F.2d 230 (1986).

In summary, even under the less stringent standard applicable to *pro se* complaints, *see Meade v. Grubbs,* 841 F.2d 1512, 1526 (10th Cir. 1988) ("Moreover, *pro se* complaints, like the one involved here, are held 'to less stringent standards than formal pleadings drafted by lawyers.'"), *quoting Hughes v. Rowe,* 449 U.S. 5, 9 (1980), *quoting Haines v. Kerner*, 404 U.S. 519, 520 (1972), it is clear that the Plaintiff has wholly failed to state any actionable civil rights claims in his amended complaint. *See, e. g., Hall v. Bellman*, 935 F.2d 1106, 1110 (10th Cir. 1991) ("[C]onclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based."). Ordinarily, the Court would be required to grant the Plaintiff leave to amend before dismissing this action pursuant to Fed. R. Civ. P. 12(b)(6). *See, e. g., McKinney v. Oklahoma*, 925 F.2d 363, 365 (10th Cir. 1991) ("[T]he preferred practice is to accord a plaintiff notice and an opportunity to amend his complaint before acting upon a motion to dismiss for failure to state a claim[.]"). *See generally Conley v. Gibson,* 355 U.S. 41, 45-46 (1957) ("In appraising the sufficiency of the complaint we follow, of course, the accepted rule that a complaint should not be dismissed

for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."). The Court declines to do so here, however, for two reasons. First, it is well-established that a pleading "which states bald conclusions unsupported by allegation of fact is legally insufficient" and that relief "may be denied without [further] hearing." *Martinez v. United States*, 344 F.2d 325, 326 (10th Cir. 1965). Second, this is not the Court's first encounter with the Plaintiff; a previous action (against, *inter alia*, some of the same Defendants named herein) was summarily dismissed pursuant to Fed. R. Civ. P. 12(b)(6) because the Court found the Plaintiff's complaint to be legally insufficient. *See Lindsey v. FBI Offices, et al.*, Case No. CIV-02-193-P, *slip op.* at 11 (E.D. Okla. Feb. 12, 2003) (*per* U.S. District Judge James H. Payne), *aff'd, Lindsey v. FBI Offices*, 80 Fed. Appx. 654 (10th Cir. Nov. 10, 2003) [unpublished opinion], *cert. denied*, 543 U.S. 899 (2004). It is clear from a review of the pleadings in that case as well as those here that "allowing [the Plaintiff] an opportunity to amend his complaint would be futile[.]" *McKinney*, 925 F.2d at 365, *citing Huxall v. First State Bank,* 842 F.2d 249, 250 n. 2 (10th Cir. 1988). The Court therefore finds that dismissal without leave to amend is appropriate, and that such dismissal should be with prejudice. *See, e. g., Durre*, 869 F.2d at 545 ("Because plaintiff failed to allege specific facts showing agreement and concerted action among defendants, the district court properly dismissed the conspiracy claim *with prejudice*.") [emphasis added].[1]

---

[1] Two Defendants (who were also sued in Case No. CIV-02-193-P) seek the following sanctions against the Plaintiff pursuant to Fed. R. Civ. P. 11: (i) dismissal of this action with prejudice; (ii) an award of costs, including attorneys' fees, incurred in defending this action; and,

Accordingly, IT IS HEREBY ORDERED that the following motions to dismiss are GRANTED: (i) the Special Entry of Appearance and Combined Motion and Brief to Dismiss "The Hot Teams of Mercy and Walmarts" [Docket No. 31]; (ii) the Defendant Wilson, Oklahoma Police Department's Motion to Dismiss and Brief in Support [Docket No. 44]; and, (iii) the Motion to Dismiss and Brief in Support of Defendant, Bob Thomspon [Docket No. 46]. IT IS FURTHER ORDERED that any other motion or request for relief currently pending in this action is hereby DENIED. IT IS FURTHER ORDERED that the above-styled action is hereby DISMISSED WITH PREJUDICE.

**IT IS SO ORDERED** this 23rd day of October, 2006.

_____
**Steven P. Shreder**
**UNITED STATES MAGISTRATE JUDGE**

---

(iii) an order of the Court enjoining the filing by the Plaintiff of any other lawsuit purporting to raise claims asserted herein or in Case No. CIV-02-193-P. *See* Docket Nos. 63, 70. Although the amended complaint filed herein would appear to be frivolous for purposes of Fed. R. Civ. P. 11, the Court nevertheless declines to impose sanctions other than the dismissal of this action with prejudice. The Plaintiff should be forewarned, however, that any future actions he may file in this Court will be closely scrutinized. If the Plaintiff subsequently attempts to raise any matters disposed of in this action or in Case No. CIV-02-193-P, or if he otherwise files any frivolous pleadings in this Court, appropriate sanctions *will be* imposed.